CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 09, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action Nos. 7:16-cr-00017, |
| | ) | 7:16-cr-00054 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JOSHUA VORESS | ) | Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a request submitted by the United States Probation Office, which was in turn initiated by a request from defendant Joshua Voress, that the court terminate his supervised release term. (*See* 7:16-cr-00017, Dkt. No. 420 (oral order noting request and directing the United States to respond); 7:16-cr-00054, Dkt. No. 18 (same).) The request was made by the Probation Office in the Central District of California, where Voress lives and is being supervised. The United States does not object to early termination.[1] (7:16-cr-00017, Dkt. No. 422.) The court finds that a hearing is not necessary to resolve this issue and will grant the request.[2]

Under 18 U.S.C. § 3583(e), a court may, after considering certain factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the defendant's conduct and the interest of justice. As at sentencing, the court considers several factors, including the nature and circumstances of the offense, the history and characteristics of the

---

[1] Although it was directed to respond in both cases, the United States filed its response only in the earlier case. The court will direct the Clerk to docket the notice of non-opposition in the other case, as well.

[2] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to the defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant.[3] 18 U.S.C. § 3553(a).

A district court's decision whether to grant early termination of supervised release is reviewed under "the narrow abuse of discretion standard." *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999). *See also Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010) (noting that discretion to deny exists even where the conditions for termination are met). The 2025 amendments to the sentencing guidelines direct the court to conduct "an individualized assessment of the need for ongoing supervision" in considering a request for early termination. U.S.S.G. § 5D1.4.

In each of these two cases, Voress pled guilty to a single count of conspiracy to distribute methamphetamine. Each case involved a separate conspiracy, one taking place primarily in Pennsylvania and the other in Virginia. The court sentenced him on May 19, 2026, imposing a sentence of 170 months in each case, to run concurrently, followed by five years of supervised release in each case, again to run concurrently.

Voress was released from custody on September 26, 2024, and began his 5-year supervision term. Thus, he has served almost two years of his term. According to information provided by the U.S. Probation Office in California, Voress has complied with the orders of the court and satisfied all the special conditions of supervision. That office further reports that Voress has maintained a stable residence and gainful employment; has no history of violence; has incurred no recent law enforcement contacts, arrests, or convictions; and is considered a low-moderate risk for recidivism.

[3] Certain sentencing factors are not to be considered when determining whether to grant early termination of supervised release. 18 U.S.C. § 3583(e). These include the factors set forth in § 3553(a)(2)(A) and (a)(3), *id.*, which are the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and the kinds of sentences available.

Based on the information provided and the non-opposition by the United States, and after considering the appropriate § 3553(a) factors, the court agrees that early termination is appropriate.

The nature and circumstances of his offense are serious and not in his favor, given that he was involved in separate conspiracies that involved the distribution of large amounts of methamphetamine. But the other sentencing factors support early termination. At sentencing, the court varied downward from the applicable guideline range based on several considerations. These included his lack of violence and the fact that he did not possess a firearm during his offenses, and that his history suggested that, when sober, he is a contributing member of his community. His own history and characteristics are generally favorable. The court relies on those same considerations in terminating Voress's supervised release early.

The court also notes that the first two years of his supervised release term have been without incident. It appears that he has successfully transitioned back into the community and has complied fully with all terms of his supervised release. Lastly, the court finds that there is no longer a need to protect the public or to deter Voress from committing further crimes through the ongoing imposition of release conditions.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that the request for early termination of Voress's supervised release term is GRANTED, and his supervised release term is hereby TERMINATED.

As explained in footnote 1 of this opinion and order, the clerk is directed to docket a copy of the United States' notice in Case No. 7:16-cr-00017 (Dkt. No. 422) in Case No. 7:16-cr-00054.

The clerk is further directed to provide a copy of this memorandum opinion and order to all counsel of record and to the United States Probation Office of this court, who shall provide a copy both to the United States Probation Office in the Central District of California and to Voress.

Entered: September 9, 2026.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge